FILED
CLERK, U.S. DISTRICT COURT

MAR 3 0 2010

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

1  Miriam L. Schimmel (SBN 185089)
   MSchimmel@InitiativeLegal.com
2  Payam Shahian (SBN 228406)
   PShahian@Initiativelegal.com
3  Sue J. Kim (SBN 256392)
   SKim@Initiativelegal.com
4  Initiative Legal Group APC
   1800 Century Park East, 2nd Floor
5  Los Angeles, California 90067
   Telephone:  (310) 556-5637
6  Facsimile:  (310) 861-9051

7  Attorneys for Plaintiff Nancy Vitolo
   and aggrieved employees

8

9            UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11  NANCY VITOLO, individually, and    Case No. CV09-07728 DSF (PJWx)
    on behalf of other members of the
12  general public similarly situated,   **CLASS ACTION AND PRIVATE**
                                         **ATTORNEYS GENERAL ACTION**
13            Plaintiff,
                                         **SECOND AMENDED COMPLAINT**
14       vs.
                                         (1) Violation of California Labor Code
15  BLOOMINGDALE'S, INC., an Ohio           §§ 510 and 1198 (Unpaid
    corporation; and DOES 1 through 10,      Overtime);
16  inclusive,
                                         (2) Violation of California Labor Code
17            Defendants.                    §§ 226.7 and 512(a) (Unpaid Meal
                                             Period Premiums);
18
                                         (3) Violation of California Labor Code
19                                          § 226.7 (Unpaid Rest Period
                                             Premiums);
20
                                         (4) Violation of California Labor Code
21                                          § 221 (Unlawful Wage Deductions);

22                                       (5) Violation of California Labor Code
                                             §§ 1194, 1197, and 1197.1 (Unpaid
23                                           Minimum Wages);

24                                       (6) Violation of California Labor Code
                                             §§ 201 and 202 (Wages Not Timely
25                                           Paid Upon Termination);

26                                       (7) Violation of California Labor Code
                                             § 204 (Wages Not Timely Paid
27                                           During Employment);

28                                       (8) Violation of California Labor
                                             Code § 226(a) (Non-complaint
                                             Wage Statements); and,

                                         (9) Violation of California Business &

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    Professions Code §§ 17200, et seq.
2    **Jury Trial Demanded**
3

4    Plaintiff, individually and on behalf of all other members of the public

5    similarly situated, alleges as follows:

6    **JURISDICTION AND VENUE**

7    1.    This class action is brought pursuant to California Code of Civil

8    Procedure section 382.  The monetary damages and restitution sought by Plaintiff

9    exceed the minimal jurisdiction limits of the Superior Court and will be established

10   according to proof at trial.  The amount in controversy for each class

11   representative, including claims for compensatory damages and pro rata share of

12   attorneys' fees, is less than $75,000.

13   2.    This Court has jurisdiction over this action pursuant to the California

14   Constitution, Article VI, section 10, which grants the Superior Court "original

15   jurisdiction in all causes except those given by statute to other courts."  The

16   statutes under which this action is brought do not specify any other basis for

17   jurisdiction.

18   3.    This Court has jurisdiction over all Defendants because, upon

19   information and belief, each party is either a citizen of California, has sufficient

20   minimum contacts in California, or otherwise intentionally avails itself of the

21   California market so as to render the exercise of jurisdiction over it by the

22   California courts consistent with traditional notions of fair play and substantial

23   justice.

24   4.    Venue is proper in this Court because, upon information and belief,

25   one or more of the named Defendants reside, transact business, or have offices in

26   this county and the acts and omissions alleged herein took place in this county.

27   5.    California Labor Code sections 2698, et seq., The Labor Code Private

28   Attorneys General Act (hereinafter "PAGA"), authorizes employees to sue directly

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

SECOND AMENDED COMPLAINT

1   for various civil penalties under the California Labor Code.

2       6.      Plaintiff has exhausted her administrative prerequisites by timely

3   providing notice to the California Labor and Workforce Development Agency

4   (hereinafter "LWDA") and to Defendants, pursuant to California Labor Code

5   section 2699.3(a), on September 1, 2009 and providing an amended noticed on

6   September 9, 2009.

### THE PARTIES

7

8       7.      Plaintiff NANCY VITOLO is a resident of Los Angeles County in the

9   State of California.

10      8.      Defendant BLOOMINGDALE'S, INC. was and is, upon information

11  and belief, an Ohio corporation doing business in California, and at all times

12  hereinafter mentioned, an employer whose employees are engaged throughout this

13  county, the State of California, or the various states of the United States of

14  America.

15      9.      Plaintiff is unaware of the true names or capacities of Defendants sued

16  herein under the fictitious names DOES 1 through 10, but prays for leave to amend

17  and serve such fictitiously named Defendants pursuant to California Code of Civil

18  Procedure section 474 once their names and capacities become known.

19      10.     Plaintiff is informed and believes, and thereon alleges, that DOES 1

20  through 10 are the partners, agents, owners, shareholders, managers or employees

21  of BLOOMINGDALE'S, INC., and were acting on behalf of

22  BLOOMINGDALE'S, INC. at all relevant times.

23      11.     Plaintiff is informed and believes, and thereon alleges, that each and

24  all of the acts and omissions alleged herein was performed by, or is attributable to

25  BLOOMINGDALE'S, INC. and DOES 1 through 10 (collectively, "Defendants"),

26  each acting as the agent for the other, with legal authority to act on the other's

27  behalf.  The acts of any and all Defendants were in accordance with, and represent,

28  the official policy of Defendants.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

12.    At all relevant times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

13.    Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## CLASS ACTION ALLEGATIONS

14.    Plaintiff brings this action on her own behalf, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under California Code of Civil Procedure section 382.

15.    All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

16.    Plaintiff's proposed Class consists of and is defined as:

> All employees of Defendants who worked in non-exempt job positions at store locations in California within four years prior to the filing of this complaint until the date of certification.

17.    Plaintiff reserves the right to establish subclasses as appropriate.

18.    There is a well-defined community of interest in the litigation and the class is readily ascertainable:

> (a)    Numerosity:  The members of the class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the entire class is unknown to Plaintiff at this time, however, the class is estimated to be greater than one-hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

(b)   Typicality:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom she has a well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all class members' as demonstrated herein.

(c)   Adequacy:  Plaintiff is qualified to, and will, fairly and adequately, protect the interests of each class member with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges that she has an obligation to make known to the Court any relationship, conflicts or differences with any class member.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d)   Superiority:  The nature of this action makes the use of class action adjudication superior to other methods.  Class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

(e)   Public Policy Considerations:  Employers in the State of California violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are

1   fearful of bringing actions because they believe their former
2   employers might damage their future endeavors through
3   negative references and/or other means.  Class actions provide
4   the class members who are not named in the complaint with a
5   type of anonymity that allows for the vindication of their rights
6   at the same time as their privacy is protected.

7   19.   There are common questions of law and fact as to the class (and each
8   subclass, if any) that predominate over questions affecting only individual
9   members, including but not limited to:

10   (a)   Whether Defendants' failure to pay wages, without abatement
11        or reduction, in accordance with the California Labor Code, was
12        willful;

13   (b)   Whether Defendants required Plaintiff and class members to
14        work over eight (8) hours per day, over twelve (12) hours per
15        day, and/or over forty (40) hours per week and failed to pay
16        legally required overtime compensation to Plaintiff and class
17        members;

18   (c)   Whether Defendants deprived Plaintiff and class members of
19        meal periods or required Plaintiff and class members to work
20        during meal periods without compensation;

21   (d)   Whether Defendants deprived Plaintiff and class members of
22        rest periods or required Plaintiff and class members to work
23        during rest periods without compensation;

24   (e)   Whether Defendants unlawfully collected or received from
25        Plaintiff and class members any part of wages previously paid
26        to Plaintiff and class members;

27   (f)   Whether Defendants failed to pay minimum wages to Plaintiff
28        and class members;

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

(g)   Whether Defendants failed to pay all wages earned by Plaintiff and class members;

(h)   Whether Defendants failed to timely pay all wages due to Plaintiff and class members upon their discharge or resignation;

(i)   Whether Defendants complied with wage reporting as required by the California Labor Code; including but not limited to section 226;

(j)   Whether Defendants' conduct was willful or reckless;

(k)   Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code sections 17200, et seq.; and,

(l)   The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

## GENERAL ALLEGATIONS

20.   At all relevant times set forth, Defendants employed Plaintiff and other persons in non-exempt job positions at store locations in California.

21.   Defendants employed Plaintiff Nancy Vitolo as a "Sales Associate" until about September 2008 at Defendants' Los Angeles County, California business location.

22.   Defendants continue to employ individuals in non-exempt job positions at store locations in California.

23.   Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law.

24.   Plaintiff is informed and believes, and thereon alleges that Defendants

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  knew or should have known that Plaintiff and class members were entitled to
2  receive certain wages for overtime compensation and that they were not receiving
3  certain wages for overtime compensation.

4      25.    Plaintiff is informed and believes, and thereon alleges that Defendants
5  knew or should have known that Plaintiff and class members were entitled to
6  receive all meal periods or payment of one additional hour of pay at Plaintiff's and
7  class members' regular rate of pay when they did not receive a timely
8  uninterrupted meal period.

9      26.    Plaintiff is informed and believes, and thereon alleges that Defendants
10  knew or should have known that Plaintiff and class members were entitled to
11  receive all rest periods or payment of one additional hour of pay at Plaintiff's and
12  class members' regular rate of pay when a rest period was missed.

13      27.    Plaintiff is informed and believes, and thereon alleges that Defendants
14  knew or should have known that Plaintiff and class members were entitled not to
15  have to pay wages back to their employer.

16      28.    Plaintiff is informed and believes, and thereon alleges that Defendants
17  knew or should have known that Plaintiff and class members were entitled to all
18  commissions due to them, and that they did not receive all commissions due to
19  them.

20      29.    Plaintiff is informed and believes, and thereon alleges that Defendants
21  knew or should have known that Plaintiff and class members were entitled to
22  receive at least minimum wages for compensation and that they were not receiving
23  at least minimum wages for compensation.

24      30.    Plaintiff is informed and believes, and thereon alleges that Defendants
25  knew or should have known that Plaintiff and class members were entitled to
26  receive complete and accurate wage statements in accordance with California law.

27      31.    Plaintiff are informed and believes, and thereon alleges, that at all
28  times herein mentioned, Defendants knew or should have known that they had a

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   duty to compensate Plaintiff and class members, and that Defendants had the

2   financial ability to pay such compensation but willfully, knowingly and

3   intentionally failed to do so, and falsely represented to Plaintiff and class members

4   that they were properly denied wages, all in order to increase Defendants' profits.

5       32.   California Labor Code section 218 states that nothing in Article 1 of

6   the Labor Code shall limit the right of any wage claimant to "sue directly . . . for

7   any wages or penalty due to him [or her] under this article."

8       33.   At all times herein set forth, PAGA was applicable to Plaintiff's

9   employment by Defendants.

10       34.   At all times herein set forth, PAGA provides that any provision of law

11   under the California Labor Code that provides for a civil penalty to be assessed

12   and collected by the LWDA for violation of the California Labor Code, may, as an

13   alternative, be recovered through a civil action brought by an aggrieved employee

14   on behalf of herself and other current or former employees pursuant to procedures

15   outlines in California Labor Code section 2699.3.

16       35.   Pursuant to California Labor Code section 2699, a civil action under

17   PAGA may be brought by an "aggrieved employee," who is any person that was

18   employed by the alleged violator and against whom one or more of the alleged

19   violations was committed.

20       36.   Plaintiff was employed by Defendants and the alleged violations were

21   committed against her during her time of employment and is, therefore, an

22   aggrieved employee.

23       37.   Pursuant to California Labor Code section 2699(a), an aggrieved

24   employee, including Plaintiff may as a matter of right amend an existing complaint

25   to add a cause of action arising under PAGA only after the following requirements

26   have been met:

27       a.   The aggrieved employee shall give written notice by certified

28   mail to the LWDA and the employer (hereinafter "Employee's Notice") of the

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  specific provisions of the California Labor Code alleged to have been violated,

2  including the facts and theories to support the alleged violation.

3          b.     The LWDA shall provide notice (hereinafter "LWDA Notice")

4  to the employer and the aggrieved employee by certified mail that it does not intend

5  to investigate the alleged violation within thirty (30) calendar days of the postmark

6  date of the Employee's Notice.  Upon receipt of the LWDA Notice, the aggrieved

7  employee may amend an existing complaint within sixty days of receiving the

8  LWDA Notice that the LWDA does not intend to investigate the alleged violation,

9  to add a cause of action pursuant to PAGA to recover civil penalties in addition to

10  any other penalties to which the employee may be entitled.

11          c.     If the LWDA Notice is not provided within thirty-three (33)

12  calendar days of the postmark date of the Employee's Notice, the aggrieved

13  employee may amend an existing complaint within sixty days of the last day to

14  receive the LWDA Notice that the LWDA does not intend to investigate the alleged

15  violation, to add a cause of action pursuant to PAGA to recover civil penalties in

16  addition to any other penalties to which the employee may be entitled.

17      38.    On September 1, 2009, Plaintiff provided written notice by certified

18  mail to the LWDA and to Defendants of the specific provisions of the California

19  Labor Code alleged to have been violated, including the facts and theories to

20  support the alleged violations.  On September 9, 2009, Plaintiff provided an

21  amended written notice to the LWDA and to Defendants that included specific

22  provisions of the California Labor Code alleged to have been violated and are

23  pleaded in this action, including the facts and theories to support the alleged

24  violations.

25      39.    On November 9, 2009, the LWDA provided Plaintiff with a letter

26  indicating it had reviewed Plaintiff's amended Employee's Notice, dated

27  September 9, 2009, and does not intend to investigate the allegations.

28      40.    Plaintiff has, therefore, satisfied the administrative prerequisites under

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  California Labor Code section 2699.3(a) and may amend her existing complaint

2  and recover civil penalties, in addition to other remedies, for violations of

3  California Labor Code sections 510, 1198, 226.7, 512, 221, 1194, 1197, 1197.1,

4  201, 202, 204, and 226(a).

### FIRST CAUSE OF ACTION

### Violation of California Labor Code §§ 510 and 1198

### (Against All Defendants)

8      41.    Plaintiff incorporates by reference and re-alleges as if fully stated

9  herein the material allegations set out in paragraphs 1 through 40.

10      42.    California Labor Code section 1198 and the applicable Industrial

11  Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ

12  persons without compensating them at a rate of pay either time-and-one-half or

13  two-times that person's regular rate of pay, depending on the number of hours

14  worked by the person on a daily or weekly basis.

15      43.    Specifically, the applicable IWC Wage Order provides that

16  Defendants are and were required to pay Plaintiff and class members employed by

17  Defendants, and working more than eight (8) hours in a day or more than forty

18  (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in

19  excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

20      44.    The applicable IWC Wage Order further provides that Defendants are

21  and were required to pay Plaintiff and class members employed by Defendants,

22  and working more than twelve (12) hours in a day, overtime compensation at a rate

23  of two times their regular rate of pay.

24      45.    California Labor Code section 510 codifies the right to overtime

25  compensation at one-and-one-half times the regular hourly rate for hours worked

26  in excess of eight (8) hours in a day or forty (40) hours in a week or for the first

27  eight (8) hours worked on the seventh day of work, and to overtime compensation

28  at twice the regular hourly rate for hours worked in excess of twelve (12) hours in

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

SECOND AMENDED COMPLAINT

1    a day or in excess of eight (8) hours in a day on the seventh day of work.

2         46.    During the relevant time period, Plaintiff and class members

3    consistently worked in excess of eight (8) hours in a day, in excess of twelve (12)

4    hours in a day, and/or in excess of forty (40) hours in a week.

5         47.    During the relevant time period, Defendants willfully failed to pay all

6    overtime wages owed to Plaintiff and class members.

7         48.    Defendants' failure to pay Plaintiff and class members the unpaid

8    balance of overtime compensation, as required by California laws, violates the

9    provisions of California Labor Code sections 510 and 1198, and is therefore

10   unlawful.

11        49.    Pursuant to California Labor Code section 1194, Plaintiff and class

12   members are entitled to recover their unpaid overtime compensation, as well as

13   interest, costs, and attorneys' fees.

14        50.    Pursuant to California Labor Code sections 2699(f) and (g), Plaintiff,

15   the other class members, and all aggrieved employees are entitled to recover civil

16   penalties in the amount of one hundred dollars ($100) for each aggrieved employee

17   per pay period for the initial violation and two hundred dollars ($200) for each

18   aggrieved employee per pay period for each subsequent violation, plus costs and

19   attorney's fees, for violations of California Labor Code sections 510 and 1198.

20                        **SECOND CAUSE OF ACTION**

21              **Violation of California Labor Code §§ 226.7 and 512(a)**

22                          **(Against All Defendants)**

23        51.    Plaintiff incorporates by reference and re-alleges as if fully stated

24   herein the material allegations set out in paragraphs 1 through 50.

25        52.    At all relevant times, the applicable IWC Wage Order and California

26   Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and class

27   members' employment by Defendants.

28        53.    At all relevant times, California Labor Code section 226.7 provides

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

SECOND AMENDED COMPLAINT

1  that no employer shall require an employee to work during any meal period

2  mandated by an applicable order of the California IWC.

3      54.   At all relevant times, the applicable IWC Wage Order and California

4  Labor Code section 512(a) provide that an employer may not require, cause or

5  permit an employee to work for a period of more than five (5) hours per day

6  without providing the employee with an uninterrupted meal period of not less than

7  thirty (30) minutes, except that if the total work period per day of the employee is

8  not more than six (6) hours, the meal period may be waived by mutual consent of

9  both the employer and the employee.

10     55.   At all relevant times, the applicable IWC Wage Order and California

11 Labor Code section 512(a) further provide that an employer may not require, cause

12 or permit an employee to work for a period of more than ten (10) hours per day

13 without providing the employee with a second uninterrupted meal period of not

14 less than thirty (30) minutes, except that if the total hours worked is not more than

15 twelve (12) hours, the second meal period may be waived by mutual consent of the

16 employer and the employee only if the first meal period was not waived.

17     56.   During the relevant time period, Plaintiff and class members who

18 were scheduled to work for a period of time no longer than six (6) hours, and who

19 did not waive their legally-mandated meal periods by mutual consent, were

20 required to work for periods longer than five (5) hours without an uninterrupted

21 meal period of not less than thirty (30) minutes.

22     57.   During the relevant time period, Plaintiff and class members who

23 were scheduled to work for a period of time in excess of six (6) hours were

24 required to work for periods longer than five (5) hours without an uninterrupted

25 meal period of not less than thirty (30) minutes.

26     58.   During the relevant time period, Plaintiff and class members who

27 were scheduled to work in excess of ten (10) hours but no longer than twelve (12)

28 hours, and who did not waive their legally-mandated meal periods by mutual

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

SECOND AMENDED COMPLAINT

1  consent were required to work in excess of ten (10) hours without receiving a
2  second uninterrupted meal period of not less than thirty (30) minutes.

3    59.    During the relevant time period, Plaintiff and class members who
4  were scheduled to work for a period of time in excess of twelve (12) hours were
5  required to work for periods longer than ten (10) hours without a second
6  uninterrupted meal period of not less than thirty (30) minutes.

7    60.    During the relevant time period, Defendants willfully required
8  Plaintiff and class members to work during meal periods and failed to compensate
9  Plaintiff and class members for work performed during meal periods.

10   61.    During the relevant time period, Defendants failed to pay Plaintiff and
11 class members the full meal period premium due pursuant to California Labor
12 Code section 226.7.

13   62.    Defendants' conduct violates the applicable IWC Wage Orders and
14 California Labor Code sections 226.7 and 512(a).

15   63.    Pursuant to the applicable IWC Wage Order and California Labor
16 Code section 226.7(b), Plaintiff and class members are entitled to recover from
17 Defendants one additional hour of pay at the employees' regular hourly rate of
18 compensation for each work day that the meal period was not provided.

19   64.    Pursuant to California Labor Code sections 2699(f) and (g), Plaintiff,
20 the other class members, and all aggrieved employees are entitled to recover civil
21 penalties in the amount of one hundred dollars ($100) for each aggrieved employee
22 per pay period for the initial violation and two hundred dollars ($200) for each
23 aggrieved employee per pay period for each subsequent violation, plus costs and
24 attorney's fees, for violations of California Labor Code sections 226.7 and 512(a).

25 <center>**THIRD CAUSE OF ACTION**</center>
26 <center>**Violation of California Labor Code § 226.7**</center>
27 <center>**(Against All Defendants)**</center>
28   65.    Plaintiff incorporates by reference and re-alleges as if fully stated

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  herein the material allegations set out in paragraphs 1 through 64.

2      66.   At all relevant times herein set forth, the applicable IWC Wage Order

3  and California Labor Code section 226.7 were applicable to Plaintiff's and class

4  members' employment by Defendants.

5      67.   At all relevant times, California Labor Code section 226.7 provides

6  that no employer shall require an employee to work during any rest period

7  mandated by an applicable order of the California IWC.

8      68.   At all relevant times, the applicable IWC Wage Order provides that

9  "[e]very employer shall authorize and permit all employees to take rest periods,

10  which insofar as practicable shall be in the middle of each work period" and that

11  the "rest period time shall be based on the total hours worked daily at the rate of

12  ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless

13  the total daily work time is less than three and one-half (3½) hours.

14      69.   During the relevant time period, Defendants required Plaintiff and

15  class members to work four (4) or more hours without authorizing or permitting a

16  ten (10) minute rest period per each four (4) hour period worked.

17      70.   During the relevant time period, Defendants willfully required

18  Plaintiff and class members to work during rest periods and failed to compensate

19  Plaintiff and class members for work performed during rest periods.

20      71.   During the relevant time period, Defendants failed to pay Plaintiff and

21  class members the full rest period premium due pursuant to California Labor Code

22  section 226.7.

23      72.   Defendants' conduct violates the applicable IWC Wage Orders and

24  California Labor Code section 226.7.

25      73.   Pursuant to the applicable IWC Wage Order and California Labor

26  Code section 226.7(b), Plaintiff and class members are entitled to recover from

27  Defendants one additional hour of pay at the employee's regular hourly rate of

28  compensation for each work day that the rest period was not provided.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

74.      Pursuant to California Labor Code sections 2699(f) and (g), Plaintiff, the other class members, and all aggrieved employees are entitled to recover civil penalties in the amount of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorney's fees, for violations of California Labor Code section 226.7.

## FOURTH CAUSE OF ACTION

### Violation of California Labor Code § 221

### (Against All Defendants)

75.      Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 74.

76.      California Labor Code section 200 expressly provides that an employee's "wages" include all forms of compensation for labor, including commissions.

77.      At all relevant times, California Labor Code section 221 provides that it shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee.

78.      During the relevant time period, Defendants unlawfully deducted from the wages of Plaintiff and class members commissions previously paid and/or earned.

79.      Defendants have unlawfully collected or received from Plaintiff and class members a part of wages theretofore paid by an employer to its employees.

80.      Defendants' conduct as alleged herein violates California Labor Code section 221.

81.      Plaintiff and class members are entitled to recover all unlawfully deducted wages, and such general and special damages as may be appropriate, as well as interest on all due and unpaid wages pursuant to California Labor Code section 218.6, accrued from the date that the wages were due and payable at the

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    rate of interest specified in California Civil Code section 3289(b), and for such

2    other and further relief as the Court may deem equitable and appropriate.

3        82.    Pursuant to California Labor Code sections 2699(f) and (g), Plaintiff,

4    the other class members, and all aggrieved employees are entitled to recover civil

5    penalties in the amount of one hundred dollars ($100) for each aggrieved employee

6    per pay period for the initial violation and two hundred dollars ($200) for each

7    aggrieved employee per pay period for each subsequent violation, plus costs and

8    attorney's fees, for violations of California Labor Code section 221.

9                          **FIFTH CAUSE OF ACTION**

10        **Violation of California Labor Code §§ 1194, 1197, 1197.1**

11                          **(Against All Defendants)**

12        83.    Plaintiff incorporates by reference and re-alleges as if fully stated

13    herein the material allegations set out in paragraphs 1 through 82.

14        84.    At all relevant times, California Labor Code sections 1194, 1197, and

15    1197.1 provide that the minimum wage for employees fixed by the Industrial

16    Welfare Commission is the minimum wage to be paid to employees, and the

17    payment of a lesser wage than the minimum so fixed is unlawful.

18        85.    During the relevant time period, Defendants regularly failed to any

19    wages to Plaintiff and class members for work performed off-the-clock, as

20    required pursuant to California Labor Code sections 1194, 1197, and 1197.1.

21        86.    Defendants' failure to pay Plaintiff and class members the minimum

22    wage as required violates California Labor Code sections 1194, 1197, and 1197.1.

23    Pursuant to those sections Plaintiff and class members are entitled to recover the

24    unpaid balance of their minimum wage compensation as well as interest, costs, and

25    attorney's fees, and liquidated damages in an amount equal to the wages

26    unlawfully unpaid and interest thereon.

27        87.    Pursuant to California Labor Code section 1197.1, Plaintiff and class

28    members are entitled to recover a penalty of $100.00 for the initial failure to timely

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1 pay each employee minimum wages, and $250.00 for each subsequent failure to

2 pay each employee minimum wages.

3     88.    Pursuant to California Labor Code section 1194.2, Plaintiff and class

4 members are entitled to recover liquidated damages in an amount equal to the

5 wages unlawfully unpaid and interest thereon.

6     89.    Pursuant to California Labor Code sections 2699(f) and (g), Plaintiff,

7 the other class members, and all aggrieved employees are entitled to recover civil

8 penalties in the amount of one hundred dollars ($100) for each aggrieved employee

9 per pay period for the initial violation and two hundred dollars ($200) for each

10 aggrieved employee per pay period for each subsequent violation, plus costs and

11 attorney's fees, for violations of California Labor Code sections 1194, 1197, and

12 1197.1.

### SIXTH CAUSE OF ACTION

### Violation of California Labor Code §§ 201 and 202

### (Against All Defendants)

16     90.    Plaintiff incorporates by reference and re-alleges as if fully stated

17 herein the material allegations set out in paragraphs 1 through 89.

18     91.    At all times herein set forth, California Labor Code sections 201 and

19 202 provide that if an employer discharges an employee, the wages earned and

20 unpaid at the time of discharge are due and payable immediately, and that if an

21 employee voluntarily leaves his or her employment, his or her wages shall become

22 due and payable not later than seventy-two (72) hours thereafter, unless the

23 employee has given seventy-two (72) hours previous notice of his or her intention

24 to quit, in which case the employee is entitled to his or her wages at the time of

25 quitting.

26     92.    During the relevant time period, Defendants willfully failed to pay

27 Plaintiff and  class members who are no longer employed by Defendants their

28 wages, earned and unpaid, either at the time of discharge, or within seventy-two

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  (72) hours of their leaving Defendants' employ.

2      93.   Defendants' failure to pay Plaintiff and those class members who are

3  no longer employed by Defendants their wages earned and unpaid at the time of

4  discharge, or within seventy-two (72) hours of their leaving Defendants' employ,

5  is in violation of California Labor Code sections 201 and 202.

6      94.   California Labor Code section 203 provides that if an employer

7  willfully fails to pay wages owed, in accordance with sections 201 and 202, then

8  the wages of the employee shall continue as a penalty from the due date, and at the

9  same rate until paid or until an action is commenced; but the wages shall not

10  continue for more than thirty (30) days.

11      95.   Plaintiff and class members are entitled to recover from Defendants

12  the statutory penalty wages for each day they were not paid, up to a thirty (30) day

13  maximum pursuant to California Labor Code section 203.

**SEVENTH CAUSE OF ACTION**

**Violation of California Labor Code § 204**

**(Against All Defendants)**

17      96.   Plaintiff incorporates by reference and re-alleges as if fully stated

18  herein the material allegations set out in paragraphs 1 through 95.

19      97.   At all times herein set forth, California Labor Code section 204

20  provides that all wages earned by any person in any employment between the 1st

21  and the 15th days, inclusive, of any calendar month, other than those wages due

22  upon termination of an employee, are due and payable between the 16th and the

23  26th day of the month during which the labor was performed.

24      98.   At all times herein set forth, California Labor Code section 204

25  provides that all wages earned by any person in any employment between the 16th

26  and the last day, inclusive, of any calendar month, other than those wages due

27  upon termination of an employee, are due and payable between the 1st and the

28  10th day of the following month.

99. At all times herein set forth, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

100. During the relevant time period, Defendants willfully failed to pay Plaintiff and class members all wages due to them, within any time period permissible by California Labor Code section 204.

101. Plaintiff and class members are entitled to recover all remedies available for violations of California Labor Code section 204.

102. Pursuant to California Labor Code sections 2699(f) and (g), Plaintiff, the other class members, and all aggrieved employees are entitled to recover civil penalties in the amount of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorney's fees, for violations of California Labor Code sections 201-204.

**EIGHTH CAUSE OF ACTION**

**Violation of California Labor Code § 226(a)**

**(Against all Defendants)**

103. Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 102.

104. At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including total hours worked, all applicable hourly rates in effect during the pay period and the corresponding number of hours at each hourly rate, and the name and address of the legal entity that is the employer.

105. Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements. The deficiencies include, among other things, the failure to include the total hours worked, the failure to

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  include all correct applicable hourly rates and corresponding hours for work

2  performed off-the-clock, meal period premiums and rest period premiums, and the

3  failure to include the name and address of the legal entity that is the employer.

4      106.   As a result of Defendants' violation of California Labor Code section

5  226(a), Plaintiff and class members have suffered injury and damage to their

6  statutorily-protected rights.

7      107.   Specifically, Plaintiff and class members have been injured by

8  Defendants' intentional violation of California Labor Code section 226(a) because

9  they were denied both their legal right to receive, and their protected interest in

10  receiving, accurate, itemized wage statements under California Labor Code section

11  226(a).

12      108.   Plaintiff and class members are entitled to recover from Defendants

13  the greater of their actual damages caused by Defendants' failure to comply with

14  California Labor Code section 226(a), or an aggregate penalty not exceeding four

15  thousand dollars per employee.

16      109.   Plaintiff and class members are also entitled to injunctive relief to

17  ensure compliance with this section, pursuant to California Labor Code section

18  226(g).

19      110.   Pursuant to California Labor Code sections 2699(f) and (g), Plaintiff,

20  the other class members, and all aggrieved employees are entitled to recover civil

21  penalties in the amount of one hundred dollars ($100) for each aggrieved employee

22  per pay period for the initial violation and two hundred dollars ($200) for each

23  aggrieved employee per pay period for each subsequent violation, plus costs and

24  attorney's fees, for violations of California Labor Code section 226.

25      111.   Pursuant to California Labor Code sections 2699(f) and (g), Plaintiff,

26  the other class members, and all aggrieved employees are entitled to recover civil

27  penalties in the amount of one hundred dollars ($100) for each aggrieved employee

28  per pay period for the initial violation and two hundred dollars ($200) for each

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  aggrieved employee per pay period for each subsequent violation, plus costs and

2  attorney's fees, for violations of California Labor Code section 226(a).

### NINTH CAUSE OF ACTION

### Violation of California Business & Professions Code §§ 17200, et seq.

### (Against All Defendants)

6      112.  Plaintiff incorporates by reference and re-alleges as if fully stated

7  herein the material allegations set out in paragraphs 1 through 111.

8      113.  Defendants' conduct, as alleged herein, has been, and continues to be,

9  unfair, unlawful, and harmful to Plaintiff, other class members, and to the general

10  public.  Plaintiff seeks to enforce important rights affecting the public interest

11  within the meaning of Code of Civil Procedure section 1021.5.

12      114.  Defendants' activities, as alleged herein, are violations of California

13  law, and constitute unlawful business acts and practices in violation of California

14  Business & Professions Code sections 17200, et seq.

15      115.  A violation of California Business & Professions Code sections

16  17200, et seq. may be predicated on the violation of any state or federal law.  In

17  this instant case, Defendants' policies and practices of requiring non-exempt or

18  hourly paid employees, including Plaintiff and class members, to work overtime

19  without paying them proper compensation violates California Labor Code sections

20  510 and 1198.  Additionally, Defendants' policies and practices of requiring non-

21  exempt or hourly paid employees, including Plaintiff and class members, to work

22  through their meal and rest periods without paying them proper compensation

23  violate California Labor Code sections 226.7 and 512(a).  Defendants' policies and

24  practices of collecting or receiving wages previously paid to Plaintiff and class

25  members violate California Labor Code section 221.  Defendants' policies and

26  practices of not paying at least minimum wages violate California Labor Code

27  sections 1194, 1197, and 1197.1.  Moreover, Defendants' policies and practices of

28  failing to timely pay wages to Plaintiff and class members violate California Labor

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

SECOND AMENDED COMPLAINT

1   Code sections 201, 202 and 204.

2      116.   Plaintiff and putative class members have been personally injured by

3   Defendants' unlawful business acts and practices as alleged herein, including but

4   not necessarily limited to the loss of money and/or property.

5      117.   Pursuant to California Business & Professions Code sections 17200,

6   et seq., Plaintiff and putative class members are entitled to restitution of the wages

7   withheld and retained by Defendants during a period that commences four years

8   prior to the filing of this complaint; a permanent injunction requiring Defendants

9   to pay all outstanding wages due to Plaintiff and class members; an award of

10  attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and

11  other applicable laws; and an award of costs.

12  <div align="center">**REQUEST FOR JURY TRIAL**</div>

13     Plaintiff requests a trial by jury.

14  <div align="center">**PRAYER FOR RELIEF**</div>

15     Plaintiff, and on behalf of all others similarly situated, prays for relief and

16  judgment against Defendants, jointly and severally, as follows:

17  <div align="center">Class Certification</div>

18     118.   That this action be certified as a class action;

19     119.   That Plaintiff be appointed as the representatives of the Class; and

20     120.   That counsel for Plaintiff be appointed as Class Counsel.

21  <div align="center">As to the First Cause of Action</div>

22     121.   That the Court declare, adjudge and decree that Defendants violated

23  California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by

24  willfully failing to pay all overtime wages due to Plaintiff and class members;

25     122.   For general unpaid wages at overtime wage rates and such general and

26     123.   Special damages as may be appropriate;

27     124.   For pre-judgment interest on any unpaid overtime compensation

28  commencing from the date such amounts were due;

*INITIATIVE LEGAL GROUP APC*
*1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067*

125.   For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a);

126.   For all civil penalties and reasonable attorney's fees and cost of suit incurred herein pursuant to California Labor Code sections 2699(f) and (g); and

127.   For such other and further relief as the Court may deem equitable and appropriate.

### As to the Second Cause of Action

128.   That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and class members;

129.   That the Court make an award to the Plaintiff and class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

130.   For all actual, consequential, and incidental losses and damages, according to proof;

131.   For premiums pursuant to California Labor Code section 226.7(b);

132.   For pre-judgment interest on any unpaid wages from the date such amounts were due;

133.   For all civil penalties and reasonable attorney's fees and cost of suit incurred herein pursuant to California Labor Code sections 2699(f) and (g); and

134.   For such other and further relief as the Court may deem equitable and appropriate.

### As to the Third Cause of Action

135.   That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and class members;

136.   That the Court make an award to the Plaintiff and class members of

SECOND AMENDED COMPLAINT

1 one (l) hour of pay at each employee's regular rate of compensation for each

2 workday that a rest period was not provided;

3     137.  For all actual, consequential, and incidental losses and damages,

4 according to proof;

5     138.  For premiums pursuant to California Labor Code section 226.7(b);

6     139.  For pre-judgment interest on any unpaid wages from the date such

7 amounts were due;

8     140.  For all civil penalties and reasonable attorney's fees and cost of suit

9 incurred herein pursuant to California Labor Code sections 2699(f) and (g); and

10     141.  For such other and further relief as the Court may deem equitable and

11 appropriate.

12             <u>As to the Fourth Cause of Action</u>

13     142.  That the Court declare, adjudge and decree that Defendants violated

14 California Labor Code section 221 by willfully collecting or receiving from

15 Plaintiff and class members wages theretofore paid to Plaintiff and class members;

16     143.  For all actual, consequential and incidental losses and damages,

17 according to proof;

18     144.  For unpaid wages and such general and special damages as may be

19 appropriate;

20     145.  For interest on all due and unpaid wages, accrued from the date that

21 the wages were due and payable, at the rate of interest specified in California Civil

22 Code section 3289(b), pursuant to California Labor Code section 218.6;

23     146.  For all civil penalties and reasonable attorney's fees and cost of suit

24 incurred herein pursuant to California Labor Code sections 2699(f) and (g); and

25     147.  For such other and further relief as the Court may deem equitable and

26 appropriate.

27             <u>As to the Fifth Cause of Action</u>

28     148.  That the Court declare, adjudge and decree that Defendants violated

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

SECOND AMENDED COMPLAINT

1  California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay
2  minimum wages to Plaintiff and class members;

3       149.   For general unpaid wages and such general and special damages as
4  may be appropriate;

5       150.   For statutory wage penalties pursuant to California Labor Code
6  section 1197.1 for Plaintiff and class members in the amount as may be established
7  according to proof at trial;

8       151.   For pre-judgment interest on any unpaid compensation from the date
9  such amounts were due;

10      152.   For reasonable attorneys' fees and for costs of suit incurred herein
11 pursuant to California Labor Code section 1194(a);

12      153.   For liquidated damages pursuant to California Labor Code section
13 1194.2;

14      154.   For all civil penalties and reasonable attorney's fees and cost of suit
15 incurred herein pursuant to California Labor Code sections 2699(f) and (g); and

16      155.   For such other and further relief as the Court may deem equitable and
17 appropriate.

18                          <u>As to the Sixth Cause of Action</u>

19      156.   That the Court declare, adjudge and decree that Defendants violated
20 California Labor Code sections 201, 202, and 203 by willfully failing to pay all
21 compensation owed at the time of termination of the employment of Plaintiff and
22 other class members no longer employed by Defendants.

23      157.   For all actual, consequential and incidental losses and damages,
24 according to proof;

25      158.   For statutory wage penalties pursuant to California Labor Code
26 section 203 for Plaintiff and all other class members who have left Defendants'
27 employ;

28      159.   For pre-judgment interest on any unpaid wages from the date such

SECOND AMENDED COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   amounts were due;

2        160.  For all civil penalties and reasonable attorney's fees and cost of suit

3   incurred herein pursuant to California Labor Code sections 2699(f) and (g); and

4        161.  For such other and further relief as the Court may deem equitable and

5   appropriate.

6                   As to the Seventh Cause of Action

7        162.  That the Court declare, adjudge and decree that Defendants violated

8   California Labor Code section 204 by willfully failing to pay all compensation

9   owed at the time required by California Labor Code section 204, to Plaintiff and

10  class members;

11       163.  For all actual, consequential and incidental losses and damages,

12  according to proof;

13       164.  For pre-judgment interest on any untimely paid compensation, from

14  the date such amounts were due;

15       165.  For all civil penalties and reasonable attorney's fees and cost of suit

16  incurred herein pursuant to California Labor Code sections 2699(f) and (g); and

17       166.  For such other and further relief as the Court may deem equitable and

18  appropriate.

19                   As to the Eighth Cause of Action

20       167.  That the Court declare, adjudge and decree that Defendants violated

21  the record keeping provisions of California Labor Code section 226(a) and

22  applicable IWC Wage Orders as to Plaintiff and class members, and wilfully failed

23  to provide accurate itemized wage statements thereto;

24       168.  For all actual, consequential and incidental losses and damages,

25  according to proof;

26       169.  For statutory penalties pursuant to California Labor Code section

27  226(e);

28       170.  For injunctive relief to ensure compliance with this section, pursuant to

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  California Labor Code section 226(g);

2      171.   For all civil penalties and reasonable attorney's fees and cost of suit

3  incurred herein pursuant to California Labor Code sections 2699(f) and (g);  and,

4      172.   For such other and further relief as the Court may deem equitable and

5  appropriate.

6                    <u>As to the Ninth Cause of Action</u>

7      173.   That the Court declare, adjudge and decree that Defendants violated

8  California Business and Professions Code sections 17200, et seq. by failing to

9  provide Plaintiff and class members all overtime compensation due to them, failing

10  to provide all meal and rest periods to Plaintiff and class members, failing to pay

11  for all missed meal and rest periods to Plaintiff and class members, collecting or

12  receiving wages previously paid to Plaintiff and class members, failing to pay at

13  least minimum wages to Plaintiff and class members, and failing to pay Plaintiff's

14  and class members' wages timely as required by California Labor Code sections

15  201, 202 and 204.

16      174.   For restitution of unpaid wages to Plaintiff and all class members and

17  prejudgment interest from the day such amounts were due and payable;

18      175.   For the appointment of a receiver to receive, manage and distribute

19  any and all funds disgorged from Defendants and determined to have been

20  wrongfully acquired by Defendants as a result of violations of California Business

21  & Professions Code sections 17200, et seq.;

22      176.   For reasonable attorneys' fees and costs of suit incurred herein

23  pursuant to California Code of Civil Procedure section 1021.5;

24      177.   For injunctive relief to ensure compliance with this section, pursuant

25  to California Business & Professions Code sections 17200, et seq.; and

26  ///

27  ///

28  ///

SECOND AMENDED COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    178.    For such other and further relief as the Court may deem equitable and

2    appropriate.

3

4    Dated:  March 26, 2010                    Respectfully submitted,

5                                              Initiative Legal Group APC

6

7

8    By:    ___/s/ Sue J. Kim_____

     Miriam L. Schimmel

9    Payam Shahian

     Sue J. Kim

10

11   Attorneys for Plaintiff Nancy Vitolo
     and aggrieved employees

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

SECOND AMENDED COMPLAINT