| | |
|---|---|
| 1 | John S. Curtis (SBN 50350) |
| | jcurtis@azraellaw.net |
| 2 | Law Offices of Julia Azrael |
| | 5200 Lankershim Blvd., Suite 850 |
| 3 | North Hollywood, CA 91601 |
| | Telephone: (818) 766-5177 |
| 4 | Facsimile: (818) 766-5047 |
| 5 | David E. Martin *pro hac vice admittee* |
| | david.e.martin@macys.com |
| 6 | Catherine E. Sison *pro hac vice admittee* |
| | catherine.sison@macys.com |
| 7 | Macy's, Inc. – Law Department |
| | 611 Olive Street, 10th Floor |
| 8 | St. Louis, MO 63101 |
| | Telephone: (314) 342-6719 |
| 9 | Facsimile (314) 342-6066 |
| 10 | Attorneys for Defendants Bloomingdale's, Inc., et al. |
| 11 | [*continued on next page*] |

FILED
CLERK... DISTRICT COURT
MAY 7 2010
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY VITOLO, individually, and on behalf of other members of the general public similarly situated, | Case No. CV09-07728 DSF (PJWx) |
| | CLASS ACTION |
| Plaintiff, | [Assigned to Magistrate Judge Patrick J. Walsh for discovery matters] |
| vs. | **DISCOVERY MATTER** |
| BLOOMINGDALE'S, INC., an Ohio corporation; MACY'S, INC., a Delaware corporation; MACY'S DEPARTMENT STORES, INC., a Delaware corporation; FEDERATED DEPARTMENT STORES, INC., a Delaware corporation, and DOES 1 through 10, inclusive, | [~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER** |
| Defendants. | Complaint Filed: August 6, 2009 |
| | Date Removed: October 23, 2009 |
| | Discovery Cut-Off: None set |
| | Trial Date: None set |

**STIPULATED PROTECTIVE ORDER**

1 | Payam Shahian (SBN 228406)
    PShahian@InitiativeLegal.com
2 | Sue J. Kim (SBN 256392)
    Skim@Initiativelegal.com
3 | Initiative Legal Group APC
    1800 Century Park East, 2nd Floor
4 | Los Angeles, California 90067
    Telephone: (310) 556-5637
5 | Fax: (310) 861-9051
  | Attorneys for Plaintiff Nancy Vitolo

- 2 -
**STIPULATED PROTECTIVE ORDER**

## STIPULATED PROTECTIVE ORDER

Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

1. During the pendency of this case, the parties anticipate that they will produce to one another certain information and documents that will contain confidential and/or proprietary information the unprotected disclosure of which could have an adverse and detrimental impact on the legitimate business and privacy interests of the disclosing party and/or third parties to the litigation. Such information may include, but is not limited to, documents or information deemed confidential, proprietary and private by the Parties. A party disclosing any such information, which the party in good faith reasonably believes to be confidential may designate it as "Confidential" (hereinafter "Confidential Information"). The parties agree that the following limitations on the disclosure of such Confidential Information should be imposed.

2. Documents, discovery responses, information and materials produced hereafter and deposition testimony in the future designated as Confidential Information shall be subject to the provision of this Stipulated Protective Order. If only a portion of a deposition transcript or other discovery item contains Confidential Information, only that portion will be subject to this Stipulated Protective Order.

3. All copies of documents, discovery responses or other materials produced and designated as containing Confidential Information, and all transcripts of depositions in which Confidential Information has been designated, shall have clearly stamped thereon "Confidential" in a manner which avoids any interference with the legibility of the material.

4. The Confidential Information contained in documents, discovery responses, deposition transcripts and materials subject to this Protective Order shall be used only in connection with the prosecution or defense of this litigation

and may be disclosed only as follows:

      A.    Confidential Information may be disclosed to the parties, their attorneys, and to members of the paralegal, secretarial or clerical staff (including shorthand reporters), as well as outside vendors assisting such counsel.

      B.    Counsel may disclose Confidential Information to independent experts specifically retained for the purposes of this litigation to assist counsel in the prosecution and/or defense of this action or any appeal filed herein. Such experts shall agree in writing to be bound by the terms and provisions of this Stipulated Protective Order.

      C.    Confidential Information may be disclosed to the Court, pursuant to Paragraph 7 of this Stipulated Protective Order.

      D.    Except as provided in subpart B of this paragraph, the parties, their counsel, and others with permitted access to the Confidential Information shall not disclose it to any person or use it for any purpose except the prosecution or defense of this litigation.

5.    Except as limited below, Confidential Information may be used or elicited in party depositions and also in the preparation of non-party witnesses for deposition if the witness agrees in writing or on the record to preserve the confidentiality of such Confidential Information and not to use any such information for any purpose except this litigation.

6.    The use of Confidential Information in the taking of depositions, including their use as exhibits in such depositions, shall not cause such documents or information to lose their status as Confidential Information.

7.    This Protective Order shall not preclude any party from filing and/or opposing motions in connection with this action. If a party deems it necessary to attach Confidential Information to a motion, opposition and/or other document to be filed and/or to file Confidential Information with the Court for any other purpose in connection with this action, settlement, trial, appeal, expiration of the

time for appeal or otherwise, that party must follow the procedure for filing documents under seal set forth in Local Rule 79-5.1 before attaching or filing Confidential Information with the Court.

8. After termination of this litigation, whether by trial, appeal, settlement or otherwise, the provisions of this Protective Order with respect to the dissemination of Confidential Information shall continue to be binding. The originals and all copies of such Confidential Information received by opposing counsel, with respect to such information shall be destroyed within sixty (60) days of the termination of this litigation and counsel shall certify in writing to counsel for the other party that such documents have been destroyed, except that the receiving counsel should be entitled to maintain one copy of all documents filed with the Court.

9. Nothing in this Protective Order shall be deemed or construed to be a waiver by either party of its right to seek to introduce, or to object on any grounds to the use of any Confidential Information, or any portions thereof, at any hearing or at the trial of this matter.

10. Documents, discovery responses or materials designated as containing Confidential Information may be copied or otherwise reproduced without the permission of the producing party or an Order of the Court by persons entitled to receive such Information pursuant to paragraph 4 of this Protective Order, provided that the use of such copies is restricted in accordance with this Protective Order. All copies so made shall be deemed Confidential Information under the terms of this Protective Order and shall be maintained as Confidential Information or destroyed at the termination of this litigation as provided in Paragraph 8 herein.

11. In the event a party disputes that materials or information, designated by another party to be Confidential Information, should be subject to the limitations on disclosure, then the parties may so agree in writing or, if the parties

cannot reach agreement, the party designating the Confidential Information shall apply to the Court for an order that the materials or information are subject to this Protective Order.

    12. This Protective Order shall be binding upon the parties hereto, their successors, representatives and assigns, as well as all counsel for the parties hereto and their paralegals and office employees.

Dated: April __, 2010

**MACY'S LAW DEPARTMENT**

By:_____

David E. Martin, *pro hac vice admittee*
Catherine E. Sison, *pro hac vice admittee*

-and-

**LAW OFFICES OF JULIA AZRAEL**

John S. Curtis (Bar No. 50350)

Attorneys for Defendants Macy's, Inc. and Macy's Department Stores, Inc.

**INITIATIVE LEGAL GROUP APC**

By:_____
Robert Byrnes
Payam Shahian

Attorneys for Plaintiff Nancy Vitolo

12. This Protective Order shall be binding upon the parties hereto, their successors, representatives and assigns, as well as all counsel for the parties hereto and their paralegals and office employees.

Dated: April 12, 2010

**MACY'S LAW DEPARTMENT**

By: *Catherine E. Sison*

David E. Martin, *pro hac vice admittee*
Catherine E. Sison, *pro hac vice admittee*

-and-

**LAW OFFICES OF JULIA AZRAEL**

John S. Curtis (Bar No. 50350)

Attorneys for Defendant Bloomingdale's, Inc.

Dated: April 9, 2010

**INITIATIVE LEGAL GROUP APC**

By: *Miriam L. Schimmel*
Miriam L. Schimmel
Payam Shahian
Sue J. Kim

Attorneys for Plaintiff Nancy Vitolo

It is so ordered.

~~[Order on Next Page]~~

MAY 7, 2010.

*Patrick J. Walsh*
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

Page 8